UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| A.B., a minor child, by his mother and next friend, V.S., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:15-cv-157-JD-SLC ) |
| MICHELLE MEYER, | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

On June 19, 2015, Plaintiff A.B., who had just completed the second grade, filed this First Amendment suit against his teacher at Forest Park Elementary School, which is part of Fort Wayne Community Schools, alleging that he suffered punishment and injury as a result of his statement to a classmate that he did not go to church because he did not believe in God. (DE 1). Now before the Court is A.B.'s motion seeking leave for his mother, as his legal guardian and next friend, to proceed anonymously by her initials in this litigation. (DE 4). A.B. asserts that if his mother's name is made known, he would be easily identified,[1] violating the intent of Federal Rule of Civil Procedure 5.2(a)(3) providing that a minor may be identified only by his initials in court filings. Defendant Michelle Meyer has not responded to the motion.

The Seventh Circuit Court of Appeals "disfavor[s] anonymous litigation." *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005). It has emphasized that "[t]he public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is

---

[1] A.B. states that he and his mother have different last names, but that he still would be easily identifiable if her name is revealed. (DE 5 at 2 n.1).

conducted in secret." *Id.* "The presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) (citations omitted). Even if there is no objection, the court "has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceedings in federal courts." *Doe v. Trs. of Ind. Univ.*, No. 1:12-cv-1593, 2013 WL 3353944, at *3 (S.D. Ind. July 3, 2013).

"Records or parts of records are sometimes sealed for good reasons, including the protection of state secrets, trade secrets, and informers; and fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). "An important factor in favor of anonymity is whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age." *P.D. v. Carroll Consol. Sch. Corp.*, 820 F. Supp. 2d 907, 909 (N.D. Ind. 2011) (citation and internal quotations marks omitted).

In his complaint, A.B., alleges that after he responded to a question from a classmate by indicating that he did not go to church because he did not believe in God, Meyer purportedly interrogated him about his beliefs and required him to sit by himself and not talk to his classmates during lunch for three days. (DE 1 ¶ 1). He alleges that Meyer's actions caused him "great distress," caused him to be "ostracized by his peers past the three-day 'banishment,'" that he was "publicly shamed and made to feel that his personal beliefs were terribly wrong," and that he "remains anxious and fearful about school, which is completely contrary to how he felt

2

before this incident." (DE 1 ¶¶ 1, 29, 33).

In support of the motion, A.B.'s mother submitted an affidavit attesting that this case involves "what she believes to be serious injuries that were caused to her son" and that "[p]ublicizing her son's name will, in her estimation, cause him further harm by exposing him to public criticism." (DE 4-1 ¶¶ 4, 5). She further attests that if she is identified by her actual name, "it will be easy to identify her son and may lead to further harm to her son." (DE 4-1 ¶ 7).

In *Doe ex rel. Doe v. Elmbrook School District*, 658 F.3d 710 (7th Cir. 2011), *opinion vacated on rehearing en banc*, 687 F.3d 840 (7th Cir. 2012), *cert denied*, 134 S. Ct. 2283 (2014), a case challenging the propriety under the First Amendment of public high school graduation ceremonies being held in a church, the Seventh Circuit found that the district court had not erred in allowing the parents of the minor children to proceed anonymously.[2] In doing so, it acknowledged that "[l]awsuits involving religion can implicate deeply held beliefs and provoke intense emotional responses." *Id*. at 723. The Court also found it "significant that children are involved in the suit," reasoning that "[i]dentifying these adult plaintiffs also would expose the identities of their children." *Id*. at 724. The Court further acknowledged that "[b]ecause the subject matter of the suit frequently has a tendency to inflame unreasonably some individuals and is intimately tied to District schools, such a risk to children is particularly compelling." *Id.*

Here too, the action centers on religion and public schools, and thus, may "implicate deeply held beliefs and provoke intense emotional responses." *Id*. As in *Elmbrook*, A.B.'s mother has submitted an affidavit attesting that A.B. has suffered injury for expressing his views

---

[2] The *en banc* decision did not criticize the conclusions reached by the panel decision considering the plaintiffs' anonymous status; nor did the *en banc* decision comment on the district court's decision to allow the plaintiffs to proceed anonymously in the action.

on religion and that exposing his identity through using her name would subject him to further harm through public criticism. (DE 4-1 ¶¶ 4, 5). There is a difference, however, between the affidavits submitted in *Elmbrook* and that in the instant case. The *Elmbrook* plaintiffs' affidavits attached comments posted in an online community forum after the lawsuit was filed, several of which raised legitimate concerns of retaliation. *See City of Chicago*, 360 F.3d at 669 ("The danger of retaliation is often a compelling ground for allowing a party to litigate anonymously."). A.B.'s mother's affidavit simply advances her own belief that A.B. will suffer further harm if he is exposed to public criticism.

Nevertheless, on balance, the Court finds that the instant suit is sufficiently analogous to *Elmbrook* to provide guidance. A.B. is a young child and this suit involves religion and public schools—a topic that "has a tendency to inflame unreasonably some individuals" in most communities, including Fort Wayne. *Elmbrook*, 658 F.3d at 723; *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2nd Cir. 2008) (recognizing that an important factor in favor of anonymity is "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age"). Accordingly, at this time, the Court finds that the risk to A.B.'s health and safety, if his mother is identified by name, outweighs the public's interest in judicial openness and overcomes the presumption against anonymous litigation.

Therefore, A.B.'s motion to allow his mother, as legal guardian and next friend, to proceed by anonymous name (DE 4) is GRANTED. The Court CAUTIONS, however, that "the balancing of interests can shift against [A.B.] depending on future developments in this case." *Trs. of Ind. Univ.*, 2013 WL 3353944, at *3. The parties are ORDERED not to publicly disclose the actual names of A.B. and V.S. without first obtaining leave of Court to do so. Plaintiff is

4

DIRECTED to file V.S.'s affidavit, without redaction, under seal, and deliver an unredacted copy to Defendant's counsel. The Clerk is DIRECTED to continue to use the initials of A.B. and V.S. on the docket until further order of the Court.

SO ORDERED.

Entered this 28th day of July 2015.

s/ Susan Collins  
Susan Collins  
United States Magistrate Judge